# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff,

vs.                                                        No. 2:20-cv-02496-SHL-cgc

DAVID CROMPTON,

    Defendant.

## MUELLER BRASS CO.'S MOTION FOR PROTECTIVE ORDER

Plaintiff, Mueller Brass Co. ("Mueller Brass"), moves for entry of a Protective Order regarding discovery propounded by Defendant, David Crompton ("Crompton"). In support of this Motion, Mueller Brass states as follows:

1. Mueller Brass sued Crompton on July 10, 2020 for Crompton's breach of his Personal Guaranty executed in favor of Mueller Brass.

2. Following the submission of the Parties Rule 26(f) Planning Report, (D.E. 20), the Court held a Scheduling Conference via Skype on September 8, 2020, (*see* D.E. 23), in which the Court established certain deadlines in consultation with counsel for the Parties.

3. Following the Conference, the Court issued its Scheduling Order, (D.E. 25), establishing a March 8, 2021 discovery deadline. The Scheduling Order included this Court's standard requirement that "all written discovery be propounded and served not less than forty-five (45) days prior to the written discovery deadline."

4. On January 7, 2021, the Court entered its Order modifying the Scheduling Order which moved the discovery deadline to May 10, 2021, (*see* D.E. 35). This Order did not modify or remove the 45-day requirement.

5. Under the revised version of the Scheduling Order, all written discovery was to be propounded and served by not later than March 26, 2021.

6. Mueller Brass hand delivered its written discovery requests to Crompton's local Memphis counsel on March 23, 2021. (*See* D.E. 37).

7. Crompton did not serve any written discovery on Mueller Brass before the March 26, 2021, 45-day deadline.

8. Crompton's counsel emailed his written discovery requests to Mueller Brass' counsel on April 7, 2021. (*see* D.E. 38). That was two weeks after expiration of the 45-day deadline.

9. No good cause exists for Crompton's violation of the Scheduling Order's 45-day rule.

10. Therefore, Mueller Brass moves to be relieved from responding to Crompton's untimely discovery requests.

11. In the event the Court does not grant Mueller Brass' Motion to be relieved from responding to all of Crompton's written discovery, Mueller Brass moves the Court to enter a Protective Order regarding:

- Interrogatory Nos. 5, 6, 7, 8, 9, 10, 11, 12, and 13;
- Requests for Production Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, and
- Requests for Admission Nos. 1 and 2.

12. The foregoing specifically identified Interrogatories and Requests are overly broad, unduly burdensome, irrelevant, not proportional to the needs of the case, and exceed the scope of discovery under Fed. R. Civ. P. 26(b).

13. Mueller Brass further prays the Court limit discovery to the only issue now before the Court: whether Crompton breached his Personal Guaranty. No other matters are relevant to this suit.

**WHEREFORE, PREMISES CONSIDERED,** Mueller Brass Co. moves the Court to find that Crompton violated the Scheduling Order's 45-day discovery service deadline, that no good cause exists for that violation, and that Mueller Brass is relieved from responding to Crompton's written discovery requests. In the alternative, Mueller Brass moves the Court to relieve it from responding to the Interrogatories and Requests specifically identified in this Motion and in the Memorandum of Law filed simultaneously herewith and limit the scope of discovery consistent with the law and arguments contained therein.

A proposed Order granting the relief sought herein has been transmitted to chambers consistent with the applicable Local Rule.

          Respectfully and jointly submitted,

          **GLANKLER BROWN, PLLC**

    By:  /s/ Aubrey B. Greer
        Larry H. Montgomery (TN# 9579)
        Aubrey B. Greer (TN# 35613)
        6000 Poplar Ave., Suite 400
        Memphis, Tennessee 38119
        Telephone:  (901) 576-1715
        Facsimile:  (901) 525-2389
        lmontgomery@glankler.com
        agreer@glankler.com

        *Attorneys for Plaintiff, Mueller Brass Co.*

## **CERTIFICATE OF CONSULTATION**

The undersigned hereby certifies that he consulted with counsel for Plaintiff, Sarah Stuart, Esq., on April 28, 2021 via electronic mail. Opposing counsel indicated Crompton does not consent to the relief requested herein.

/s/   Aubrey B. Greer
Aubrey B. Greer

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2021, a copy of the foregoing was served on the parties listed below via the Court's ECF System and via e-mail and/or United States Mail, postage prepaid:

**ASHCROFT LAW FIRM**

Michael J. Sullivan (MA #487210) *pro hac*
Simon J. Cataldo (MA #690879) *pro hac*
200 State Street, Floor 7
Boston, Massachusetts 02109
Telephone:     (617) 573-9400
Facsimile:      (703) 247-5446
msullivan@ashcroftlawfirm.com
scataldo@ashcroftlawfirm.com


**BURCH PORTER & JOHNSON, PLLC**

Lawrence J. Laurenzi (TN #9529)
Sarah E. Stuart (TN #35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone:     (901) 524-5000
Facsimile:      (901) 524-5024
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant, David Crompton*

                                                     /s/   Aubrey B. Greer
                                                        Aubrey B. Greer