IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MUELLER BRASS CO., | ) | |
| | ) | |
|     Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID CROMPTON | ) | Civil Action No. 2:20-cv-02496-SHL-cgc |
| | ) | |
|     Defendant/Counter-Plaintiff. | ) | |
| -------------------------------------------- | | |
| DAVID CROMPTON, | ) | |
| | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MUELLER INDUSTRIES, INC., | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Before the Court, by way of Order of Reference (D.E. # 48) is Plaintiff's Motion for Protective Order (D.E. # 41). The matter has been fully briefed and a hearing on the motion was conducted on June 17, 2021. After consideration of the arguments, it is hereby ORDERED that Plaintiff's motion is DENIED.

### I. Procedural History

The July 10, 2020 Complaint (D.E. # 1) alleges that Plaintiff acquired two notes that Defendant personally guaranteed. The maker of the notes, Quick Fitting, Inc., defaulted and

Plaintiff alleges that Defendant refuses to honor the notes.  On August 31, 2020, Defendant filed a Motion to Dismiss (D.E. # 21).  On April 7, 2021, while the motion to dismiss was pending, Defendant propounded discovery requests - interrogatories, requests for production of documents and requests for admission - to Plaintiff.  Plaintiff filed the instant Motion arguing that 1) the discovery requests were untimely pursuant to the terms of the Scheduling Order (D.E. # 25) and 2) that interrogatories 5–13, requests for production of documents 2-16 and requests for admission 1 and 2 are "overly broad, unduly burdensome and not proportional to the needs of the case."  After Plaintiff filed the Motion, but before Defendant filed a response, a Status Conference was held before U.S. District Court Judge Sheryl H. Lipman at which time the Motion to Dismiss was denied and the instant Motion was "denied to the extent it relies on … timeliness."  (D.E. # 42)  On May 26, 2021, Defendant filed his Answer, Third Party Complaint and Counterclaim alleging promissory fraud, fraudulent misrepresentation, negligent misrepresentation, breach of contract including the implied duty of good faith and fair dealing and the breach of fiduciary duty.  (D.E. # 50)

In his June 2, 2021 response to the instant Motion, Defendant argues that the defenses raised in his answer and the claims alleged in the third-party complaint and counterclaim place the questioned discovery items within the scope of discovery.  In its reply, Plaintiff counters that the third-party complaint and counterclaim will not survive a yet-to-be-filed motion to dismiss and therefore Plaintiff should not be required to answer them or that the decision should be stayed pending a decision on the motion to dismiss.

## II. Relevant Law and Analysis

Federal Rule of Civil Procedure 26(c) authorizes the court to issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." At the time that the instant Motion was filed, the questioned discovery items were not within the scope of discovery as set out in Fed.R.Civ.P 26(b)(1). However, the third-party complaint and counterclaim change that analysis. A review of those documents indicates that the questioned discovery items are now within the scope of discovery as they are now relevant to the claims and defenses. Plaintiff's only reply to this is its confidence that the third-party complaint and counterclaim will be dismissed. That is not enough to amount to good cause to grant the protective order. Plaintiff proposes staying the decision until a decision is made regarding the validity of the third-party complaint and counterclaim. This suggestion fails because the motion to dismiss those items has not been filed yet and there is no way to predict when the District Court will render its decision. Further, in her Order Granting Joint Motion to Amend the Amended Scheduling Order and to Extend Deadline to Respond and Second Amended Scheduling Order, Judge Lipman ordered that "[no] further motions to amend this schedule or extend any deadline will be granted." (emphasis in the original) (D.E. # 55) The deadline for completing discovery is January 5, 2022, six months and nineteen days from today. It would be prejudicial to Defendant / Third Party Plaintiff to deny him currently permissible discovery on the chance that a yet-to-be-filed motion is granted.

The Motion for Protective Order is **DENIED.**

**IT IS SO ORDERED** this 17th day of June, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

3