

6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
P 901.525.1322  F 901.525.2389
www.glankler.com

**Aubrey B. Greer**
Direct 901.576.1891
agreer@glankler.com

September 2, 2021

<u>*VIA ELECTRONIC MAIL*</u>

Lawrence J. Laurenzi, Esquire
Sarah E. Stuart, Esquire
BURCH PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

Michael J. Sullivan, Esquire
Simon J. Cataldo, Esquire
ASHCROFT LAW FIRM
200 State Street, Floor 7
Boston, Massachusetts 02109
msullivan@ashcroftlawfirm.com
scataldo@ashcroftlawfirm.com

Re:   **DISCOVERY DEFICIENCY**
*Mueller Brass Co. v. David Crompton*
United States District Court for the Western District of Tennessee
2:20-cv-02496-SHL-cgc

Dear Counsel:

In accordance with the Local Rules 7.2 and 26.1(b), Mueller Brass Co. ("Mueller Brass") is consulting with you, as counsel for Defendant, David Crompton ("Crompton"), in an effort to ameliorate certain deficiencies in Crompton's Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (hereafter and collectively, Crompton's "Responses," and individually, a "Response").

Specifically, Crompton's Responses to Mueller Brass' requests for financial information and documents are deficient.  As you will recall, Mueller Brass' Interrogatory Nos. 12 through 15 and Requests for Production Nos. 9 through 13 requested information and documents related to Crompton's personal financial condition, financial status, and asset disposition.  In response to those requests, Crompton provided "specific objections" as follows:

> Defendant further objects to Interrogatory Nos. 12-15 because they seek Defendant's personal and confidential financial information—information that it is not reasonably calculated to lead to the discovery of admissible evidence, but is being sought in order to harass, embarrass, and injure Defendant while giving

resolved. period.                                                                     **EXHIBIT A**

Lawrence J. Laurenzi, Esquire
Sarah E. Stuart, Esquire
Michael J. Sullivan, Esquire
Simon J. Cataldo, Esquire
September 2, 2021
Page 2

Plaintiff leverage in the Receivership action and elsewhere. Defendant further objects to Plaintiff's attempt to abuse the discovery process in this proceeding by propounding Interrogatories that seek information that is irrelevant to Plaintiff's claim and constitutes Defendant's personal, confidential financial information. Finally, Defendant objects to Interrogatory Nos. 12-15 to the extent they would result in Defendant incurring needless and onerous expenses beyond the requirements of applicable discovery rules.

\*   \*   \*

Defendant specifically objects to Request Nos. 9–13 because they seek Defendant's sensitive and confidential personnel financial information, and are predicated on unfounded legal conclusions and speculative assertions regarding obligations that have not been established as relevant to the claim in this matter. Defendant further objects that these Requests seek confidential, proprietary, and/or trade secret information of Defendant and/or other persons or entities, and seeks sensitive and confidential personnel information, the disclosure of which would infringe on the privacy rights of third parties.

In refusing to respond to the requests, Crompton principally asserts the information is confidential and not relevant. Crompton also offers his conclusion that the information being sought is for the purpose of harassment or leverage in another action.

As to the latter, we can allay those fears easily. Mueller Brass seeks the requested information for exclusive use in this litigation and shall not share the information and documents obtained with any third-party and shall not use or disclose any information or documents obtained in any other proceeding, whether legal or otherwise. Mueller Brass is willing to enter a protective order of appropriate scope, limiting the disclosure of the information and documents obtained to Mueller Brass and its counsel in this litigation only, and limiting use of any document to this litigation only. This should also remedy any concern over disclosure of "proprietary, and/or trade secret information"; though Mueller Brass cannot fathom what could be disclosed constituting such proprietary or trade secret information. Mueller Brass seeks information and documents from Crompton only, and about Crompton only. Mueller Brass is not requesting, nor does it desire disclosure of, any "sensitive and confidential personnel information." The Parties can move for, and enter, a protective order with relative speed and ease, and Mueller Brass is willing to prepare such an order for entry.

Crompton's objection based upon the Receivership is likewise insufficient since that proceeding is essentially over; however, to the extent it is not, whether through an appropriate protective order, or the representations of the undersigned, Mueller Brass

**EXHIBIT A**

Lawrence J. Laurenzi, Esquire
Sarah E. Stuart, Esquire
Michael J. Sullivan, Esquire
Simon J. Cataldo, Esquire
September 2, 2021
Page 3

shall not use any information or documents obtained in any other proceeding, including the Receivership.

Crompton's relevance objections are boilerplate and lack the specificity required by our Courts. Mueller Brass sued Crompton for breach of the Personal Guaranty and the Guaranty itself places Crompton's finances and assets at issue. As part of the continuing covenants contained in the Personal Guaranty:

> [Crompton] hereby covenants and agrees not to dispose of all or any substantial part of [Crompton]'s assets for less than fair market value nor intentionally cause any substantial diminution of [Crompton]'s net worth as the same exists on the date hereof, and that any of the foregoing shall, at the option of [Muller Brass], its successors and assigns, be void and of no effect. [Muller Brass] shall be entitled, without limiting any other rights which [Mueller Brass] may have, to enjoin any breach or threatened breach of this paragraph.

(Personal Guaranty, pgs. 6-7, ¶ 10). Crompton's ongoing financial condition is inherently related to his obligations under the Personal Guaranty. A breach of the foregoing provision is a breach of the Personal Guaranty, which is precisely the cause of action asserted against Crompton. This lawsuit is about the Personal Guaranty and the Guaranty makes Crompton's finances and assets relevant, therefore they are relevant to this lawsuit. Moreover, Crompton's financial status —particularly at the time of the first breach of the Personal Guaranty— may be relevant to the reason for, or genesis of, that breach. Finally, a breach of Paragraph 10 would likewise be foundation for additional claims related to the breach of the Personal Guaranty or form the basis for a fraudulent conveyance claim and/or request for injunctive relief. Thus, Mueller Brass is entitled to the information sought.

Therefore, Mueller Brass asks that Crompton provide the information and documents contained in Interrogatory Nos. 12 through 15 and Requests for Production Nos. 9 through 13 propounded to Crompton.

Though this letter only addresses a select group of Crompton's Responses, several of Crompton's other Responses were likewise deficient. This letter is not intended, and should not be construed, as Mueller Brass waiving any claim, objection, or issue with any other Response not specifically addressed herein. In the event Mueller Brass desires more appropriate Responses to those written discovery requests, those Responses shall be addressed under separate cover.

We would appreciate hearing from you whether you will produce the documents and information requested in Mueller Brass' written discovery and referenced herein. In the event we do not receive a response from you before 4:00 p.m. on Friday, September

**EXHIBIT A**

Lawrence J. Laurenzi, Esquire
Sarah E. Stuart, Esquire
Michael J. Sullivan, Esquire
Simon J. Cataldo, Esquire
September 2, 2021
Page 4

3, 2021, Mueller Brass will move to compel Crompton's response to the requests discussed above.

    As always, we welcome the opportunity to dialogue further, and you may reach out to Larry Montgomery or myself at your convenience.

                      Very truly yours,

                      GLANKLER BROWN, PLLC

                      Aubrey B. Greer

ABG/kc;
LHM/ds
Enclosures: None

**EXHIBIT A**