# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff/Counter-Defendant,

v.                                                                           No. 2:20-cv-02496-SHL-cgc

DAVID CROMPTON,

    Defendant/Counter-Plaintiff.

-------------------------------------------

DAVID CROMPTON,

    Third-Party Plaintiff,

v.

MUELLER INDUSTRIES, INC.,

    Third-Party Defendant.

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, TO DISMISS ON MOOTNESS GROUNDS

Defendant David Crompton ("Crompton") moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or, in the alternative, to dismiss on mootness grounds under Federal Rule of Civil Procedure 12(b)(1), Plaintiff Mueller Brass Co.'s ("MBC") Complaint for Breach of Guaranty, ECF No. 1. This motion is brought in light of a recent settlement between MBC and Quick Fitting, Inc. ("QFI") in QFI's state Receivership Proceeding (the "Receivership"). In support of this Motion, Crompton relies upon his Memorandum in Support and attached exhibits submitted herewith to demonstrate that he is entitled to his requested relief.

The specific grounds for this motion are as follows:

1

1. The pleadings in this matter are closed with respect to MBC's Complaint against Crompton and its breach of the personal guaranty claim.

2. No relief can be granted on MBC's breach of guaranty claim because a $9.5MM payment settlement payment from QFI's Receiver to MBC satisfied the underlying debt secured by the guaranty.

3. No relief can be granted on MBC's breach of guaranty claim because, as a matter of law, MBC lacks damages because of the settlement.

4. No relief can be granted on MBC's breach of guaranty claim because MBC's purported allocation of settlement proceeds impermissibly subordinates the second-in-priority loan guaranteed by Crompton, thereby violating agreements between MBC and QFI and fundamentally changing the terms and conditions of the Guaranty itself.

5. As a result of the settlement, MBC cannot show an injury in fact, this case is moot, and MBC therefore lacks Article III standing.

**Hearing Request:** Crompton respectfully submits a hearing will assist this Court in the disposition of the legal issues presented by this motion, which extends to matters of record in a state Receivership.

For the reasons set forth above, in the pleadings and exhibits, and in the supporting Memorandum and exhibits filed contemporaneously herewith, Crompton is entitled to Judgment on the Pleadings or, in the alternative, Dismissal on Mootness Grounds, of MBC's Complaint. Crompton requests entry of a final Judgment on the issues and claims presented herein, or

dismissal, pursuant to Rule 12(c) or, in the alternative, Rule 12(b)(1) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED,

Dated: September 17, 2021

Respectfully submitted,

/s/ Michael J. Sullivan
Michael J. Sullivan (MA No. 487210)
Simon J. Cataldo (MA No. 690879)
*Admitted pro hac vice*
Ashcroft Law Firm
200 State Street, Floor 7
Boston, MA 02109
(617) 573.9400
msullivan@ashcroftlaw.com

Larry Laurenzi (BPR No. 009529)
Sarah Stuart (BPR No. 035329)
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant David Crompton*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served via the Court's ECF system, this 17th day of September, 2021, upon the following counsel of record.

Larry H. Montgomery (TN #9579)
Aubrey B. Greer (TN #35613)
6000 Poplar Ave, Suite 400
Memphis, TN 38119
lmontgomery@glankler.com
agreer@glankler.com

*Attorneys for Mueller Brass Co.*

/s/ Michael J. Sullivan

3