# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff,

vs.                                                  No. 2:20-cv-02496-SHL-cgc

DAVID CROMPTON,

    Defendant.

**MUELLER INDUSTRIES, INC.'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

**COMES NOW**, the Third-Party Defendant, Mueller Industries, Inc. ("Mueller Industries"), by and through its attorneys of record, and serves its responses to Defendant's First Set of Interrogatories and states as follows:

**PREFATORY STATEMENT**

Mueller Industries has not fully completed discovery or preparation for trial in this action. The Responses herein are based only upon information presently available to Mueller Industries and are given in a good faith effort to respond to Defendant's First Set of Interrogatories. It is possible that further discovery, independent investigation, legal research and analysis, or other tasks may supply additional information and/or documents, add meaning to known documents, and/or establish entirely new factual conclusions and legal contentions with respect to information known to Mueller Industries. The following Responses, therefore, are given without prejudice to

Mueller Industries' right to provide any documents or information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These responses are without prejudice to Mueller Industries and shall not limit Mueller Industries in any way with respect to further discovery, research, analysis, or proof. Mueller Industries hereby asserts the following General Objections:

## GENERAL OBJECTIONS

1. Mueller Industries objects to these Interrogatories to the extent that they call for or seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or other privileges or protections.

2. Mueller Industries reserves its right to challenge the competence, relevance, materiality, and admissibility of the information and/or documents produced herein in any subsequent proceeding or the trial of this or any other action.

3. Mueller Industries objects to these Interrogatories to the extent that they are overly broad, harassing, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4. Mueller Industries objects to these Interrogatories to the extent they are vague and ambiguous, compound, and unintelligible and/or call for multiple interpretations.

5. Mueller Industries objects to these Interrogatories to the extent that they attempt to impose a duty on Mueller Industries to disclose information or documents beyond the requirements of the Federal Rules of Civil Procedure.

6. Mueller Industries objects to these Interrogatories to the extent they call for "all" information or communication which "concerns" or "relates to" a particular topic on the ground that gathering "all" information, communication or documents containing any reference or

relationship to a particular topic and without reference to a particular time period is unduly burdensome, expensive and out of all proportion to the information or documents' potential relevance.

7.      Mueller Industries objects to these Interrogatories to the extent they seek information or documents covering an unlimited period of time and/or for unreasonable time periods.

8.      Mueller Industries objects to Plaintiff's Interrogatories to the extent that they contain multiple discreet subparts which, according to the applicable Rules, constitute separate Interrogatories.  In asserting this objection, Mueller Industries would state that it is only required to answer the first 25 of each respective Interrogatory pursuant to Fed. R. Civ. P. 33(a)(1) and is relieved from answering any Interrogatories in excess of the first 25.

9.      Mueller Industries objects to these Interrogatories to the extent that they attempt to impose a duty on Mueller Industries to include in the responses or documents information that is not in the possession, custody, or control of Mueller Industries.

10.     Mueller Industries objects to these Interrogatories as Mueller Industries is not a proper party to this litigation.  Mueller Industries has moved to dismiss the so-called third-party claims asserted against it by Crompton.  (D.E. 67, 67-1).  Crompton's claims against Mueller Industries are derivative of those belonging, if they ever existed at all, to Quick Fitting; therefore, Crompton has no standing to bring such claims.  Crompton's claims against Mueller Industries, to the extent otherwise cognizable (which they are not) are barred by *res judicata*.  Furthermore, Crompton's claims against Mueller Industries are improper under Fed. R. Civ. P. 14.  For these reasons, as well as any others, Crompton's claims against Mueller Industries are deficient and subject to dismissal.  Mueller Industries was neither a party to the Receivership —Mueller Brass was— nor did Mueller Industries receive any settlement funds from the Receiver –Mueller Brass did.

Mueller Brass, not Mueller Industries, purchased Quick Fitting's debt (i.e., the Antipodes Loans) from Antipodes –the debt which is guaranteed by Crompton and the subject of Mueller Brass' guaranty enforcement action.  Crompton sued Mueller Industries solely to attempt to create confusion or in a misguided attempt to persuade Mueller Brass to give up on its claims in this lawsuit.  Mueller Industries is confident its request for dismissal will be granted.  As Mueller Industries is not a proper party, any discovery issued to it is inherently unduly burdensome.  Mueller Industries should not be forced to expend the time and resources to answer these Interrogatories because Mueller Industries has made no claims, and no cognizable claims exist against it.

11. To the extent any information requested herein is relevant, non-privileged, and discoverable —from any source— any such information is more properly sought from Mueller Brass as Mueller Brass purchased Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty, and Mueller Brass was a party to the Receivership and the settlement thereof, and received the settlement funds from the Receivership.  Thus, any potentially responsive information has been (or will be) produced by Mueller Brass, subject to any objections asserted by Mueller Brass.

12. These General Objections are incorporated into each of Mueller Industries' Responses to the Interrogatories set forth below, and the additional objections and responses set forth below are not a waiver of any of the above General Objections.

**DEFINITIONS APPLICABLE TO THESE RESPONSES**

As used herein, the following definitions apply:

1. The term "Mueller Industries" shall include Mueller Industries, Inc. and its officers, employees, and representatives.

2. The term "Crompton" or "Defendant" shall mean David Crompton.

3. The "Receivership" shall mean the action before the Rhode Island Superior Court styled as *Michael Absher, et al. v. Quick Fitting, Inc.*, identified under case number KC-202-0501.

### FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify all MBC and/or MLI personnel involved in the negotiations, analysis, valuation, and/or approval of the Receivership Settlement, including the determination of the purported allocation of settlement proceeds among MBC's secured claims, and describe the role of each individual identified.

**RESPONSE:**  Mueller Industries is not a proper party to this litigation and asserts that no response to this Interrogatory is required.  The foregoing notwithstanding, Mueller Industries objects to this Interrogatory as it constitutes multiple discreet requests couched as a single interrogatory.  Mueller Industries objects as the Interrogatory asks Mueller Industries to answer on behalf of a third party, which Mueller Industries is not required to do.  Mueller Industries further objects to the Interrogatory as it seeks information potentially protected by the attorney-client privilege.  Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership.

**INTERROGATORY NO. 2:**  Please state the financial value (or range thereof) You and MLI attributed to Quick Fitting's release of claims in the Receivership Settlement.

**RESPONSE:**  Mueller Industries is not a proper party to this litigation and asserts that no response to this Interrogatory is required.  Without waiving any objection, Mueller Industries would

5

state that it was not a party to the Receivership, filed no papers in the Receivership, asserted no claims in the Receivership, and did not settle the Receivership.

**INTERROGATORY NO. 3:** Please describe the valuation methodology and provide the calculations for the allocation of Receivership Settlement proceeds in light of the "litigation risk" as represented on page 4 of "RESPONSE OF MUELLER BRASS CO. TO INTERESTED PARTY DAVID CROMPTON'S OBJECTION TO RECEIVER'S PETITION TO COMPROMISE CLAIMS OF MUELLER BRASS CO." filed in the Receivership on/around May 14, 2021 and included in the record of this Action at ECF No. 70-6.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Interrogatory is required. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, filed no papers in the Receivership, asserted no claims in the Receivership, and did not settle the Receivership.

**INTERROGATORY NO. 4:** Please describe the valuation methodology and provide the calculations for the allocation of Receivership Settlement proceeds in light of the "tax and accounting purposes" referenced by MBC's counsel during the May 17, 2021 hearing before the Rhode Island Superior Court, the transcript for which is included in the record of this Action at ECF No. 70-7 at PageID 1132.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Interrogatory is required. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, filed no papers in the Receivership, asserted no claims in the Receivership, and did not settle the Receivership.

**INTERROGATORY NO. 5:** Please provide an explanation for the discrepancy between the $9,487,500 amount received by MBC in the Receivership Settlement and the $8.5 million figure reported on page 33 of MLI's Form 10-Q for period ending June 26, 2021.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Interrogatory is required. Without waiving any objection, the $8.5 Million figure reported in the Statement of Cash Flows in the referenced Form Q-10 refers to the amount of the total settlement recovery that was allocated to the principal balance owed across the various loans to Quick Fitting. It does not, however, reflect the settlement proceeds that related to the accrued interest, penalties, and attorneys' fees. Those items are reported elsewhere on the financial statements.

**INTERROGATORY NO. 6**: State the name, telephone number, and address of each and every person You may and or will call as a witness at the trial in this matter, and for every witness state the following:

(a) the subject matter of which each witness is expected to testify;

(b) the substance of facts and/or opinions to which each witness is expected to testify;

(c) a detailed summary of the grounds of each witness's testimony.

**ANSWER**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Interrogatory is required. Without waiving any objection, Mueller Industries states that it anticipates the claims against it will be dismissed and no trial will be required. In any event, Mueller Industries has made no determination about what witnesses it might call at any future trial.

7

**INTERROGATORY NO. 7:** Identify the person or persons who participated in preparing Your answers to these Interrogatories, including in Your answer, the relationship of each such person to You and the answers each such person participated in answering.

**RESPONSE:** Chris Miritello participated in responding to these Interrogatories. Mr. Miritello is Executive Vice President, General Counsel & Secretary for Mueller Industries.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
 Larry H. Montgomery (TN# 9579)
 Aubrey B. Greer (TN# 35613)
 6000 Poplar Ave., Suite 400
 Memphis, Tennessee 38119
 Telephone: (901) 576-1715
 Facsimile: (901) 525-2389
 lmontgomery@glankler.com
 agreer@glankler.com

 *Attorneys for Third-Party Defendant,*
 *Mueller Industries, Inc.*

## VERIFICATION

I, Christopher Miritello, hold the position of Executive Vice President, General Counsel & Secretary with Mueller Industries, Inc., and I am authorized to speak on behalf of Mueller Industries in responding to these Interrogatories. I hereby verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

MUELLER INDUSTRIES, INC.

By: *[signature]*

Title: EVP, GC, & Sec'y

Date: 11/22/2021

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021 a copy of the foregoing was served on the parties listed below via United States Mail, postage prepaid, and/or electronic mail:

**ASHCROFT LAW FIRM**

Michael J. Sullivan (MA #487210) *pro hac*
Simon J. Cataldo (MA #690879) *pro hac*
200 State Street, Floor 7
Boston, Massachusetts 02109
Telephone:  (617)  573-9400
Facsimile:  (703)  247-5446
msullivan@ashcroftlawfirm.com
scataldo@ashcroftlawfirm.com

*Attorneys for Defendant, David Crompton*

**BURCH PORTER & JOHNSON, PLLC**

Lawrence J. Laurenzi (TN #9529)
Sarah E. Stuart (TN #35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone:  (901)  524-5000
Facsimile:  (901)  524-5024
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant, David Crompton*

                                  /s/   Aubrey B. Greer
                                    Aubrey B. Greer