# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff,

vs.                                              No. 2:20-cv-02496-SHL-cgc

DAVID CROMPTON,

    Defendant.

## MUELLER INDUSTRIES, INC.'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**COMES NOW**, Third-Party Defendant, Mueller Industries, Inc. ("Mueller Industries"), by and through its attorneys of record, and serves its responses to Defendant's First Set of Requests for Production and states as follows:

Mueller Industries has not fully completed discovery or preparation for trial in this action. The Responses herein are based only upon information presently available to Mueller Industries and are given in a good faith effort to respond to Defendant's First Set of Requests for Production. It is possible that further discovery, independent investigation, legal research and analysis, or other tasks may supply additional information and/or documents, add meaning to known documents, and/or establish entirely new factual conclusions and legal contentions with respect to information known to Mueller Industries. The following Responses, therefore, are given without prejudice to Mueller Industries' right to provide any documents or information which may subsequently be

discovered or determined to be relevant to the subject matter of this action. These responses are without prejudice to Mueller Industries and shall not limit Mueller Industries in any way with respect to further discovery, research, analysis, or proof. Mueller Industries hereby asserts the following General Objections:

**GENERAL OBJECTIONS**

1. Mueller Industries objects to these Requests to the extent that they call for or seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or other privileges or protections.

2. Mueller Industries reserves its right to challenge the competence, relevance, materiality and admissibility of the information and/or documents produced herein in any subsequent proceeding or the trial of this or any other action.

3. Mueller Industries objects to these Requests to the extent that they are overly broad, harassing, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4. Mueller Industries objects to these Requests to the extent they are vague and ambiguous, compound, and unintelligible and/or call for multiple interpretations.

5. Mueller Industries objects to these Requests to the extent that they attempt to impose a duty on Mueller Industries to disclose information or documents beyond the requirements of the Federal Rules of Civil Procedure.

6. Mueller Industries objects to these Requests to the extent they call for "all" information or communication which "concerns" or "relates to" a particular topic on the ground that gathering "all" information, communication or documents containing any reference or relationship to a

particular topic and without reference to a particular time period is unduly burdensome, expensive and out of all proportion to the information or documents' potential relevance.

7. Mueller Industries objects to these Requests to the extent they seek information or documents covering an unlimited period of time and/or for unreasonable time periods.

8. Mueller Industries objects to Plaintiff's Requests to the extent that they contain multiple discreet subparts which, according to the applicable Rules, constitute separate Requests.

9. Mueller Industries objects to these Requests to the extent that they attempt to impose a duty on Mueller Industries to include in the responses or documents information that is not in the possession, custody, or control of Mueller Industries.

10. Mueller Industries objects to these Requests as Mueller Industries is not a proper party to this litigation. Mueller Industries has moved to dismiss the so-called third-party claims asserted against it by Crompton. (D.E. 67, 67-1). Crompton's claims against Mueller Industries are derivative of those belonging, if they ever existed at all, to Quick Fitting; therefore, Crompton has no standing to bring such claims. Crompton's claims against Mueller Industries, to the extent otherwise cognizable (which they are not) are barred by *res judicata*. Furthermore, Crompton's claims against Mueller Industries are improper under Fed. R. Civ. P. 14. For these reasons, as well as any others, Crompton's claims against Mueller Industries are deficient and subject to dismissal. Mueller Industries was neither a party to the Receivership —Mueller Brass was— nor did Mueller Industries receive any settlement funds from the Receiver –Mueller Brass did. Mueller Brass, not Mueller Industries, purchased Quick Fitting's debt (i.e., the Antipodes Loans) from Antipodes –the debt which is guaranteed by Crompton and the subject of Mueller Brass' guaranty enforcement action. Crompton sued Mueller Industries solely to attempt to create confusion or in a misguided attempt to persuade Mueller Brass to give up on its claims in this

lawsuit. Mueller Industries is confident its request for dismissal will be granted. As Mueller Industries is not a proper party, any discovery issued to it is inherently unduly burdensome. Mueller Industries should not be forced to expend the time and resources to answer these Requests because Mueller Industries is not a party, has made no claims, and no cognizable claims exist against it.

11. To the extent any relevant documents requested herein are relevant, non-privileged, and discoverable —from any source— any such information or documents are more properly sought from Mueller Brass as Mueller Brass purchased Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty, Mueller Brass was a party to the Receivership and the settlement thereof, and Mueller Brass received the settlement funds from the Receivership. Thus, any potentially responsive documents have been (or will be) produced by Mueller Brass, subject to any objections asserted by Mueller Brass.

12. These General Objections are incorporated into each of Mueller Industries' Responses to these Requests set forth below, and the additional objections and responses set forth below are not a waiver of any of the above General Objections.

**DEFINITIONS APPLICABLE TO THESE RESPONSES**

As used herein, the following definitions apply:

1. The term "Mueller Industries" shall include Mueller Industries, Inc. and its officers, employees, and representatives.

2. The term "Crompton" or "Defendant" shall mean David Crompton.

3. The "Receivership" shall mean the action before the Rhode Island Superior Court styled as *Michael Absher, et al. v. Quick Fitting, Inc.*, identified under case number KC-202-0501.

## FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: Please produce documents sufficient to show the organizational structure and identify the executives of MLI and MBC involved in the "business relationship" with Quick Fitting referenced in paragraph 9 of MBC's Complaint in this Action.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects to this Request as overly broad, unduly burdensome, and beyond the scope of discovery under Fed. R. Civ. P. 26. Mueller Industries further objects as this Request because it asks Mueller Industries to produce documents belonging to a third party, which it is not required to do. Even if a proper Request, the Request would require Mueller Industries to search a substantial number of physical and digital corporate records to identify every Mueller Industries employee who may have ever interacted with Quick Fitting, and then to search for documents evidencing same. Given that Mueller Industries is not a proper party, it should not be forced to expend the time and resources —including diverting employees to conduct the requested search— when Mueller Industries should not be in the lawsuit in the first place. Mueller Industries' "organizational structure" has no potential to make any material fact in dispute more or less likely to be true. Additionally, Crompton personally participated in the "business relationship" and, therefore, the "organizational structure" is already known to him. This case is about whether Crompton breached a guaranty obligation owed to Mueller Brass.

**REQUEST NO. 2**: Please produce all documents and communications related to the Personal Guaranty at issue in this Action.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Mueller Industries further objects as documents potentially responsive to this Request are already in Crompton's possession or otherwise available to him through another source.

**REQUEST NO. 3:** Please produce all documents and communications related to Crompton, including Crompton's equity ownership in Quick Fitting, the Guaranty of the Antipodes Loan, and the "extensive negotiations and discussions" with Crompton referenced in paragraph 36 of MBC's Complaint in this Action.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects to this Request as the documents requested are equally available to Crompton or otherwise in his possession. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Requests for documents related to Crompton's relationship with Quick Fitting are more properly directed to Quick Fitting, if not already in Crompton's possession. Mueller Industries objects to this Request as overly broad and beyond the scope of discovery in this case for any request related to "Crompton's equity ownership in Quick Fitting." Any such responsive documents are already in Crompton's possession or available to him.

**REQUEST NO. 4:** Please produce all documents and communications related to Quick Fitting.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects to this Request as the documents requested are equally available to Crompton or otherwise in his possession. Mueller Industries objects as the Request is vague and ambiguous and Mueller Industries is unclear as to what constitutes a document or communication being "related" to Quick Fitting so as to be responsive to this Request. Mueller Industries further objects as Quick Fitting is not a party to this litigation and documents and communications related to Quick Fitting are not relevant or material to the singular claim in this lawsuit. This Request is overly broad and unduly burdensome and unlimited in either temporal or subject matter scope. Mueller Industries had a nearly decade long relationship with Quick Fitting and there are likely tens of thousands of documents that relate to Quick Fitting, none of which are germane here. Mueller Industries should not be forced to expend the time and resources, including detailing employees to conduct the requested search, when the materials requested have no value in this lawsuit. Finally, Mueller Industries objects as this Request seeks documents protected by the attorney-client privilege.

**REQUEST NO. 5:** Please produce all documents and communications related to the Antipodes Loan and Carlo Simoni, including negotiations regarding the assignment of the Antipodes Loan.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Mueller Industries would further note that Crompton is the individual who had the most contact with Simoni and negotiated both the Antipodes Loans and the Personal Guaranty, and Crompton is the

7

individual who arranged for Antipodes' equity stake in Quick Fitting. As such, any potential documents or communication related to the creation and execution of the Personal Guaranty are likely in Crompton's possession.

**REQUEST NO. 6:** Please produce all documents and communications related to the estimated enterprise value of Quick Fitting.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty.

**REQUEST NO. 7:** Please produce all documents and communications related to the value of Quick Fitting's intellectual property.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty.

**REQUEST NO. 8**: Please produce all documents and communications related to MLI's involvement in or influence on the business relationship between Quick Fitting and MBC (and any MLI subsidiary) as referenced in paragraph 9 of MBC's Complaint in this Action.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects to this Request as it asks Mueller Industries to produce documents belonging to a third-party. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal

Guaranty. Mueller Industries has not contractual guaranty relationship with Crompton. This Request is overly broad and unduly burdensome and unlimited in either temporal or subject matter scope. Mueller Industries had a nearly decade long relationship with Quick Fitting and there likely tens of thousands of documents that relate to Quick Fitting, none of which are germane here. Mueller Industries should not be forced to expend the time and resources, including detailing employees to conduct the requested search, when the materials requested have no value in this lawsuit. None of the documents requested have any potential to make any material fact regarding Crompton's breach of the Personal Guaranty more or less likely to be true. Moreover, the Request is vague and ambiguous and Mueller Industries is unable to discern what would constitute a document or communication "related to MLI's involvement in or influence on the business relationship" between Mueller Brass and Quick Fitting.

**REQUEST NO. 9**: Please produce all documents and communications related to plans, projections, scenarios, proposals, analyses, valuations, or estimates concerning the potential acquisition of a controlling equity interest in Quick Fitting by MLI or MBC.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects to this Request as it asks Mueller Industries to produce documents belonging to a third-party. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty.

**REQUEST NO. 10:** Please produce all documents and communications related to Quick Fitting's confidential information provided to You by Crompton from January 2020 to April 2020 as described in paragraphs 31–34 and elsewhere in Crompton's Counterclaims.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty.

**REQUEST NO. 11**: Please produce all documents and communications related to MLI's awareness and approval of MBC's purchase of Quick Fitting's secured debt.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Mueller Brass purchased Quick Fitting's debt. Mueller Industries' "awareness and approval" of anything has no relationship to the breach of guaranty claim in this lawsuit and is therefore not relevant nor is it calculated to lead to the discovery of admissible evidence or have any chance of making any material fact in dispute in this case more or less likely to be true.

**REQUEST NO. 12:** All documents and communications related to the Intercreditor & Subordination Agreement described in paragraphs 49–52 of Crompton's Counterclaims.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Mueller Industries is not a signatory to the referenced document.

**REQUEST NO. 13**: Please produce all documents and communications related to MLI's involvement in or influence on MBC's extension of a line of credit under the JPM Loan and any request by Quick Fitting to draw on said line of credit.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty.

**REQUEST NO. 14:** Please produce all documents and communications related to the MBC's efforts to participate in the Quick Fitting sale process in the Receivership, including MBC's request to credit bid its claims in connection with the sale of Quick Fitting's assets.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership. Mueller Industries does not know to what "credit bid" Crompton is referring in any event.

**REQUEST NO. 15:** Please produce all documents and communications related to MBC's filing of unsecured claims in the Receivership, the likelihood of payment of MBC's unsecured claims, and MBC's agreement to waive its unsecured claims as provided in the Receivership Settlement.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects as the Request seeks production of

materials on behalf of a third-party. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership.

**REQUEST NO. 16:** Please produce all documents and communications related to MBC's request for and calculation of post-petition interest on its secured claims filed in the Receivership.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects as the Request seeks production of materials on behalf of a third-party. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership.

**REQUEST NO. 17:** Please produce all documents and communications related to UCC filings concerning the Antipodes Loan, the JPM Loan, and any Quick Fitting secured debt for the period from June 1, 2020 to the present.

**RESPONSE:** Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership.

**REQUEST NO. 18**: Please produce all documents and communications related to MBC's efforts to foreclose on Quick Fitting's assets, including any analyses, projections, scenarios, proposals, valuations, comparisons, or discussions regarding the financial ramifications of MBC's foreclosure on Quick Fitting's assets compared to a purchase of Quick Fitting's equity.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership. Mueller Industries objects to this Request as it asks Mueller Industries to produce documents belonging to a third-party.

**REQUEST NO. 19**: Please produce all non-privileged documents and communications related to the Receivership Settlement.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership.

**REQUEST NO. 20**: Please produce all documents and communications related to MBC's allocation of settlement payment proceeds received from Quick Fitting's Receiver.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required.  Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty.  Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership.  Mueller Industries objects to this Request as it asks Mueller Industries to produce documents belonging to a third-party.

**REQUEST NO. 21**: Please produce all communications between MLI (including any MLI subsidiary) and any Quick Fitting employee (and/or representative of any Quick Fitting employee) occurring between May 1, 2020 and the Receiver's sale of Quick Fitting's assets in December 2020.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required.  This Request is overly broad and unduly burdensome and unlimited in subject matter scope.  Mueller Industries had a nearly decade long relationship with Quick Fitting and there are likely thousands of documents potentially responsive, none of which are germane here.  Mueller Industries should not be forced to expend the time and resources, including detailing employees to conduct the requested search, when the materials requested have no value in this lawsuit.  None of the documents requested have any potential to make any material fact regarding Crompton's breach of the Personal Guaranty more or less likely to be true.

**REQUEST NO. 22**: Please produce all documents and communications related to the value MBC attributed to Quick Fitting's release of legal claims in the Receivership Settlement.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not own or obtain assignment of any of Quick Fitting's debt, including the Antipodes Loans and the Personal Guaranty. Without waiving any objection, Mueller Industries would state that it was not a party to the Receivership, asserted no claims in the Receivership, filed no papers in the Receivership, and did not settle the Receivership. Mueller Industries objects to this Request as it asks Mueller Industries to produce documents belonging to a third-party.

**REQUEST NO. 23**: Please produce all documents and communications related to the description of Quick Fitting's secured debt and the Receivership Settlement payment in MLI's 10-Q and 8-K reports filed with the Securities and Exchange Commission, e.g., the reference to "payments received on notes receivable of $8.5 million" on page 33 of MLI's Form 10-Q for period ending June 26, 2021.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects as, even if it was proper to answer this request, the Request exceeds the scope of discovery in this cause as the information sought is not material or relevant to this simple breach of guaranty case and has no potential to make any material fact in dispute (of which there are none) more or less likely to be true. How Mueller Industries records information in its books and records has nothing to do with Crompton's breach of his Personal Guaranty.

**REQUEST NO. 24**: Please produce MBC's financial statements, including its balance sheet and statement of cash flows from January 1, 2020 to August 1, 2021.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries objects to this Request as it asks Mueller Industries to produce documents belonging to a third-party. Mueller Industries further objects as, even if the Request was proper (which it is not), it seeks confidential financial information belonging to a third-party and it would be improper to produce such materials. Mueller Industries further objects as the Request exceeds the scope of discovery in this cause as the information sought is not material or relevant to this simple breach of guaranty case and has no potential to make any material fact in dispute (of which there are none) more or less likely to be true. Mueller Brass' financial statements have nothing to do with Crompton's breach of his Personal Guaranty.

**REQUEST NO. 25**: Please produce all documents and communications supporting, or showing a lack of support for, the allegation in paragraph 38 of MBC's Complaint in this Action.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries did not make the allegation referenced, as Mueller Brass is the Plaintiff in this case. Mueller Industries further objects as the Request requires Mueller Industries to opine on the evidentiary value of a hypothetical document or communication, a task Mueller Industries is not qualified (nor required) to undertake.

**REQUEST NO. 26**: To the extent not already encompassed by a Request, please produce all documents constituting, reflecting, memorializing, or describing any statements made by Greg Christopher, written or oral, relating to the circumstances, situations, facts and/or events described in Crompton's Counterclaims.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Moreover, Crompton's counterclaims are subject to dismissal and, therefore, discovery on such matters exceeds the scope and needs of the case. Mueller Industries objects to this Request as vague and ambiguous. Mueller Industries further objects as the documents sought are already in Crompton's possession.

**REQUEST NO. 27**: Please produce all documents and communications You intend to rely upon to support Your Answer or defenses to Crompton's Counterclaims.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. Mueller Industries has not filed an Answer in this case and has not yet made any decisions about proof.

**REQUEST NO. 28**: Please produce all documents and communications identified, referenced in, forming the basis of, or used in preparation of Your responses to Crompton's interrogatories to MLI.

**RESPONSE**: Mueller Industries is not a proper party to this litigation and asserts that no response to this Request is required. There are no documents to produce.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
    Larry H. Montgomery (TN# 9579)
    Aubrey B. Greer (TN# 35613)
    6000 Poplar Ave., Suite 400
    Memphis, Tennessee 38119
    Telephone:   (901)   576-1715
    Facsimile:   (901)   525-2389
    lmontgomery@glankler.com
    agreer@glankler.com

    *Attorneys for Third-Party Defendant, Mueller Industries, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021 a copy of the foregoing was served on the parties listed below via United States Mail, postage prepaid, and/or electronic mail:

**ASHCROFT LAW FIRM**

Michael J. Sullivan (MA #487210) *pro hac*
Simon J. Cataldo (MA #690879) *pro hac*
200 State Street, Floor 7
Boston, Massachusetts 02109
Telephone: (617) 573-9400
Facsimile: (703) 247-5446
msullivan@ashcroftlawfirm.com
scataldo@ashcroftlawfirm.com

*Attorneys for Defendant, David Crompton*


**BURCH PORTER & JOHNSON, PLLC**

Lawrence J. Laurenzi (TN #9529)
Sarah E. Stuart (TN #35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone: (901) 524-5000
Facsimile: (901) 524-5024
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant, David Crompton*


                                      /s/ Aubrey B. Greer
                                          Aubrey B. Greer