# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff,

vs.                                                            No. 2:20-cv-02496-SHL-cgc

DAVID CROMPTON,

    Defendant.

## PLAINTIFF MUELLER BRASS CO.'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**COMES NOW**, the Plaintiff, Mueller Brass Co. ("Mueller Brass"), by and through its attorneys of record, and serves its Supplemental Responses to Defendant's First Set of Requests for Production of Documents and states as follows:

### PREFATORY STATEMENT

Mueller Brass has not fully completed discovery or preparation for trial in this action. The responses herein are based only upon information presently available to Mueller Brass and are given in a good faith effort to respond to Defendant's Requests. It is anticipated that further discovery, independent investigation, legal research and analysis, or other tasks may supply additional information and/or documents, add meaning to known documents, and/or establish entirely new factual conclusions and legal contentions with respect to information known to Mueller Brass. The following responses, therefore, are given without prejudice to Mueller Brass' right to provide any documents or information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These responses are without

prejudice to Mueller Brass and shall not limit Mueller Brass in any way with respect to further discovery, research, analysis or proof. Mueller Brass hereby asserts the following General Objections:

## **GENERAL OBJECTIONS**

1. Mueller Brass objects to these Requests to the extent that they call for or seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or other privileges or protections. Several of Crompton's requests herein seek communications and correspondence between Mueller Brass and third parties, or Mueller Brass internal communications, on a variety of subjects. The communications related to these subjects would undoubtedly encompass privileged or confidential communications. Mueller Brass objects to the production of these privileged communications.

2. Mueller Brass reserves its right to challenge the competence, relevance, materiality and admissibility of the information and/or documents produced herein in any subsequent proceeding or the trial of this or any other action.

3. Mueller Brass objects to these Requests to the extent that they are overly broad, harassing, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4. Mueller Brass objects to these Requests to the extent they are vague and ambiguous, compound, and unintelligible and/or call for multiple interpretations.

5. Mueller Brass objects to these Requests to the extent that they attempt to impose a duty on Mueller Brass to disclose information or documents beyond the requirements of the Federal Rules of Civil Procedure.

6. Mueller Brass objects to these Requests to the extent they call for "all" information, documents, or communication which "concerns" or "relates to" a particular topic on the ground that gathering "all" information, communication or documents containing any reference or relationship to a particular topic and without reference to a particular time period is unduly burdensome, expensive and out of all proportion to the information or documents' potential relevance. Mueller Brass objects to Crompton's Requests that request each and every Mueller Brass communication, both internal and external, regarding the penumbra of irrelevant topics set forth herein. While Mueller Brass is a corporation, it should not be forced to engage in meaningless but expansive searches of thousands upon thousands of pages of physical and electronic documents, including emails, to locate any document that may touch or concern the various immaterial subjects advanced by Crompton. Mueller Brass would be forced to conduct these searches at great expense, either requiring existing employees to conduct them —and thereby removing them from their normal duties— or hiring a third party to conduct a forensic search. In either event, these searches would likely cost Mueller Brass thousands of dollars needlessly. Should the Court determine that any of the searches requested herein are appropriate, Mueller Brass requests the Court order Crompton to share in the expense of those searches.

7. Mueller Brass objects to these Requests to the extent they seek information or documents covering an unlimited period of time and/or for unreasonable time periods.

8. Mueller Brass objects to Plaintiff's Requests to the extent that they contain multiple discreet subparts which constitute separate Requests.

9. Mueller Brass generally objects to any Request that seeks information that is not relevant to the question of whether Mueller Brass may enforce Defendant Crompton's Personal

Guaranty. Nothing else is relevant in this straightforward case for breach of the Personal Guaranty.

10. Mueller Brass objects to these Requests to the extent that they attempt to impose a duty on Mueller Brass to include in the responses or documents information that is not in the possession, custody, or control of Mueller Brass.

11. These General Objections are incorporated into each of Mueller Brass' Responses to these Requests set forth below, and the additional objections and responses set forth below are not a waiver of any of the above General Objections.

## **DEFINITIONS APPLICABLE TO THESE RESPONSES**

As used herein, the following definitions apply:

1. The term "Mueller Brass" shall include Mueller Brass Co., and its officers, employees, and representatives.

2. The term "Crompton" or "Defendant" shall mean David Crompton.

3. Unless otherwise noted, reference herein to the "Guaranty" or the "Personal Guaranty" refers to that written guaranty agreement executed by Crompton on or about September 4, 2019 and referenced in Mueller Brass' Complaint, (*see*, *e.g.*, D.E. 1 at ¶¶ 21-22), and attached thereto as Exhibit B, (D.E. 1-2).

4. As referenced herein, "Antipodes" means Antipodes Acquisitions Limited, the New Zealand limited liability company from which Quick Fitting, Inc., obtained the Antipodes Loans.

5. "Simoni" means Antipodes' principal Carlo A. Simoni.

6. The "Antipodes Loans" shall refer to the transaction(s) and loan(s) evidenced by the April 16, 2019 Loan Agreement, Convertible Promissory Note, and Promissory Note entered into by, or

otherwise by and between, Antipodes and Quick Fitting, Inc., and attached to Mueller Brass' Complaint as Exhibit A, (D.E. 1-1).

## FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: Please produce all documents and communications identified, referenced in, forming the basis of, or used in preparation of Your responses to Defendant's interrogatories to Plaintiff.

**SUPPLEMENTAL RESPONSE**: Mueller Brass objects to this Request as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. This Request is overly broad in both substantive and temporal scope, with no practical limits. Essentially, Crompton asks for the production any document in Mueller Brass' possession even tangentially related to him. The cost to accomplish this task would be extraordinary, requiring a detailed search and production of thousands upon thousands of pages of corporate records. Not only is the Request burdensome, but the documents requested are also entirely irrelevant, immaterial, and not germane to this very narrow and straightforward case. The singular issue before the Court is whether Crompton's failure pay the sums owed under the Antipodes Loans breached his Personal Guaranty. Crompton either did, or did not, sign and then breach his Personal Guaranty. The only necessary document in this case is the Personal Guaranty, and it is attached to Complaint, as are the documents related to the Antipodes Loans (the loan guaranteed by Crompton). Crompton is already in possession of each of these documents. Mueller Brass likewise objects as the Request seeks documents protected by the attorney-client privilege. Without waiving any objection, Mueller Brass directs Crompton to its Supplemental Document Production made contemporaneously herewith.

**REQUEST NO. 3**: Please produce all documents and communications related to Mueller's purchase of Quick Fitting's secured debt.

**SUPPLEMENTL RESPONSE**:   Mueller Brass objects to this Request as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. Nothing related to any other debt obligation but for the one guaranteed by Crompton (i.e., the Antipodes Loans) is relevant to this case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty.  This case is about the Personal Guaranty and nothing more.  There is no dispute that Mueller Brass purchased Quick Fitting's debt, nor is it capable of dispute.  The only potentially relevant document related to such purchase is that certain Assignment and Acceptance, signed by Crompton, and attached to the Complaint as Exhibit D, (D.E. 1-4), memorializing the purchase of the Antipodes Loans.  Crompton is already in possession of this document.   Mueller Brass likewise objects as the Request seeks documents protected by the attorney-client privilege. Without waiving any objection, Mueller Brass directs Crompton to its Supplemental Document Production made contemporaneously herewith for relevant documents potentially responsive to this Request.  *See*, *e.g.*, Mueller Doc. Prod 00010 – 01256 (included in that production are documents related to Mueller Brass' purchase of the JPM Loan, despite the irrelevance of that loan to this litigation).

**REQUEST NO. 4**: Please produce all documents and communications related to Mueller's exercise of creditors rights in the event that Quick Fitting was rendered insolvent.

**SUPPLEMENTAL RESPONSE**:   Mueller Brass objects to this Request as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case.

The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty and nothing more. Any rights Mueller Brass may have against Quick Fitting are wholly irrelevant as the Personal Guaranty at issue waives any requirement that Mueller Brass look to Quick Fitting first for satisfaction of the debt before Crompton's obligation(s) becomes active. To the contrary, Mueller Brass is permitted to look to Crompton directly and immediately. "The liability of Guarantor under this guaranty shall be primary, direct and immediate and not conditional or contingent upon pursuit by the holder of the Notes of any remedies it may have against Borrower or any other party with respect to the Notes or any instrument or agreement securing the Notes, whether pursuant to the terms thereof or otherwise." (D.E. 1-2 at pg. 4, ¶ 3). Any insolvency of Quick Fitting has no effect upon Crompton's obligations under the Personal Guaranty. Mueller Brass refers Crompton to the notices of default previously produced as Mueller Doc. Prod 00001 to 00009 as relevant to the question of default and Mueller Brass' demand related thereto. Without waiving any objection, directs Crompton to its Supplemental Document Production made contemporaneously herewith for documents that may reference or relate to Quick Fitting's default of its debt obligations.

**REQUEST NO. 5**: Please produce all documents and communications related to the enterprise value of Quick Fitting from 2018 to 2021.

**SUPPLEMENTAL RESPONSE**: Mueller Brass objects to this Request as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal

Guaranty, nothing more. Quick Fitting's "enterprise value . . . from 2018 to 2021" has nothing to do with this lawsuit. This is not an action against Quick Fitting, nor is any action of Quick Fitting relevant hereto for the reasons set forth in the immediately preceding Response. Moreover, Mueller Brass is unable to discern the meaning of "communications related to the enterprise value of Quick Fitting," and the Request is therefore vague and ambiguous. Without waiving any objection, documents produced as part of Mueller Brass' Supplemental Document Production may make reference to some aspect of Quick Fitting's value.

**REQUEST NO. 6**: Please produce all documents and communications related to Quick Fitting's intellectual property, including any estimates regarding the market value of said intellectual property.

**SUPPLEMENTAL RESPONSE**: Please see Mueller Brass' Response to Interrogatory No. 7. Mueller Brass objects to this Request as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty, nothing more. Any communication by and between Mueller Brass and any person do not vary or alter any of Crompton's obligations under the Personal Guaranty and are wholly irrelevant to the analysis. No communication is required to adjudicate this case. Equally irrelevant are any documents other than Crompton's Personal Guaranty, especially any documents related to the value of the intellectual property of a non-party. Any communication purportedly related to Quick Fitting, Inc.'s intellectual property is likewise not relevant to this lawsuit. Even if existent, any communication of that type has absolutely no potential to make any material fact at issue more or

less likely to be true. Crompton either did, or did not, breach his Personal Guaranty. Nothing before the Court has anything to do with intellectual property, let alone that belonging to a non-party. Finally, Mueller Brass objects to this Request as it seeks documents protected by the attorney-client privilege and the attorney work product doctrine, or other protection. Without waiving any objection, documents produced as part of Mueller Brass' Supplemental Document Production may make reference to Quick Fitting's intellectual property, primarily comprised of draft documents of various agreements and UCC-related documents, or claims by Crompton himself as to his subjective valuation of such property.

**REQUEST NO. 7**: Communications related to Quick Fitting's inventory, including any estimates regarding the market value of said inventory.

**SUPPLEMENTAL RESPONSE**: Mueller Brass objects to this Request as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty, nothing more. Any communication by and between Mueller Brass and any person do not vary or alter any of Crompton's obligations under his Personal Guaranty and is wholly irrelevant to the analysis. No communication is required to adjudicate this case. Any communication purportedly related to Quick Fitting, Inc.'s inventory is not relevant to this lawsuit. Even if existent, any communication of that type has absolutely no potential to make any material fact at issue more or less likely to be true. Crompton either did, or did not, breach his Personal Guaranty. Nothing before the Court has anything to do with Quick Fitting's inventory. Finally, Mueller Brass objects to this Request as it seeks documents protected by the attorney-client

privilege and the attorney work product doctrine, or other protection. Without waiving any objection, documents produced as part of Mueller Brass' Supplemental Document Production may make reference to Quick Fitting's inventory, primarily comprised of draft documents of various agreements and UCC-related documents, or claims by Crompton himself as to his thoughts on inventory. Without waiving any objection, Mueller Brass is not in possession, custody, or control of documents dealing with "estimates regarding the market value of" Quick Fitting's inventory.

**REQUEST NO. 8**: Please produce all documents and communications related to any supply agreement(s) between Mueller and Quick Fitting, including all requests for payment made by Quick Fitting under said supply agreement(s).

**SUPPLEMENTAL RESPONSE**: Please see Mueller Brass' Response to Interrogatory No. 10. Mueller Brass objects to this Interrogatory as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty, nothing more. Any communication by and between Mueller Brass and any person do not vary or alter any of Crompton's obligations under his Personal Guaranty and is wholly irrelevant to the analysis. No communication is required to adjudicate this case. Crompton either did, or did not, breach his Personal Guaranty. Moreover, any communication purportedly related to "supply agreements" is not relevant to this lawsuit. Even if existent, any communication of that type has absolutely no potential to make any material fact at issue more or less likely to be true. Nothing before the Court has anything to do with "supply agreements." Mueller Brass objects to producing any documents or communication covered by the attorney-client privilege. Without waiving any objection,

Mueller Brass directs Crompton to its Supplemental Document Production made contemporaneously herewith for relevant documents potentially responsive to this Request. *See, e.g.*, Mueller Doc. Prod 01303 - 01480.

**REQUEST NO. 10**: Please produce all documents and communications related to Quick Fitting's confidential financial information provided by Crompton in February-March 2020.

**SUPPLEMENTAL RESPONSE**: Mueller Brass objects to this Interrogatory as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about a straightforward Personal Guaranty and nothing more. This Request, as with others herein, seeks documents that have no relevance or materiality to the only claim in this lawsuit. The financial information of a non-party has absolutely no relevance to whether Crompton breached his Personal Guaranty. Moreover, the Request would require Mueller Brass to turn over what Crompton himself classifies as the "confidential financial information" of a third party. It would be wholly improper for Mueller Brass to reveal confidential financial information of a non-party, and where the company is the same one that terminated Crompton and had him escorted from its building. Furthermore, any such information was provided by Crompton himself, and he should already have it.

**REQUEST NO. 13**: Please produce all documents and communications related to a potential or actual default by Quick Fitting with respect to any loan obligation.

**SUPPLEMENTAL RESPONSE**: Mueller Brass objects to this Interrogatory as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the

case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty and nothing more. The only relevant documents regarding Quick Fitting's default of any loan obligation are those directly arising out of Quick Fitting's default on the Antipodes Loans –which are the loans Crompton guaranteed. Moreover, only a document or communication evidencing Quick Fitting's default under the Antipodes Loans is at all relevant. Mueller Brass further objects as the Request seeks documents and communication protected by the attorney-client privilege and attorney work product doctrine. Without waiving any objection, Mueller Brass has already produced the notices of default to Quick Fitting and Crompton and refers Crompton thereto. Please see Mueller Brass' Response to Request No. 13 and the notices of default already produced.

**REQUEST NO. 14**: Please produce all documents and communications related to Mueller's efforts to foreclose on Quick Fitting's assets, including any analyses regarding the financial ramifications of foreclosing on Quick Fitting's assets compared to a purchase of Quick Fitting's equity.

**SUPPLEMENTAL RESPONSE**: Please see Mueller Brass' Response to Interrogatory No. 11. Mueller Brass objects to this Interrogatory as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty and nothing more. Any rights Mueller Brass may have against Quick Fitting are wholly irrelevant as the Personal Guaranty at issue waives any requirement that Mueller Brass look to Quick Fitting first for satisfaction of

the debt. To the contrary, Mueller Brass is permitted to look to Crompton directly and immediately. "The liability of Guarantor under this guaranty shall be primary, direct and immediate and not conditional or contingent upon pursuit by the holder of the Notes of any remedies it may have against Borrower or any other party with respect to the Notes or any instrument or agreement securing the Notes, whether pursuant to the terms thereof or otherwise." (D.E. 1-2 at pg. 4, ¶ 3). Because of the overbroad nature of this Request and the lack of clarity as to what it requests, Mueller Brass objects on the basis of the attorney-client privilege, attorney work product doctrine, or other protections. Without waiving any objection, Mueller Brass has already produced the notices of default to Quick Fitting and Crompton and refers Crompton thereto.

**REQUEST NO. 16**: Please produce all documents and communications related to Crompton.

**SUPPLEMENTAL RESPONSE**: Mueller Brass objects to this Interrogatory as it exceeds the scope of discovery under Fed. R. Civ. P. 26 and is not proportional to the needs of the case. The singular issue before the Court is whether Crompton's failure to pay the sums owed under the Antipodes Loans breached his Personal Guaranty. This case is about Crompton's Personal Guaranty, nothing more. Any communication or correspondence by and between Mueller Brass and Crompton —or any third-party regarding Crompton— does not alter any of Crompton's obligations under that contract and are wholly irrelevant to the analysis. No communication is required to adjudicate this case, nor would such communications alter Crompton's obligations. Crompton either did, or did not, breach his Personal Guaranty. Mueller Brass does not need to rely on any such communications to prove its case; rather, Mueller Brass

13

need only rely on Crompton's signature on the Personal Guaranty and his failure to remit the guaranteed sums thereunder. This Request is also inherently overly broad both substantively and temporally. The Crompton relationship spanned nearly a decade. The sheer number of communications that are "related to Crompton" —whatever that means— is enormous and would require significant time and expense to locate, segregate, and produce. If these communications were relevant, even in part, some of that expense might be justified; however, none of these communications, especially those not directly related to the Antipodes Loans or the Personal Guaranty, affect any material fact in this litigation. Finally, Mueller Brass objects based upon the attorney-client privilege, the attorney work product doctrine, or other protections in the event Crompton's Request seeks documents and communications by and between Mueller Brass and its counsel. Without waiving any objection, Mueller Brass refers Crompton to its Supplemental Document Production which contains numerous communications from and to Crompton, as well as the documents already produced by Crompton which contain communication from and to Crompton.

**REQUEST NO. 17**: Documents and communications You intend to rely upon to support the claims made in the Complaint.

**SUPPLEMENTAL RESPONSE**: Mueller Brass would state that it has not yet made any determination about what communications (if any) upon which it intends to rely in this lawsuit. Mueller Brass reserves the right to specifically object to any such communication if and when identified by Mueller Brass. The Personal Guaranty speaks for itself. Crompton executed the Personal Guaranty, paid nothing pursuant to the Personal Guaranty (even after demand, which was not required), and has been notified of his default – none of which is in dispute. Mueller Brass

refers Crompton to his Personal Guaranty and notices of default already produced, as well as Crompton's answers to Mueller Brass' allegations.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
    Larry H. Montgomery (TN# 9579)
    Aubrey B. Greer (TN# 35613)
    6000 Poplar Ave., Suite 400
    Memphis, Tennessee 38119
    Telephone:   (901) 576-1715
    Facsimile:   (901) 525-2389
    lmontgomery@glankler.com
    agreer@glankler.com

*Attorneys for Plaintiff, Mueller Brass Co.*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the parties listed below via United States Mail, postage prepaid, and/or electronic mail:

**ASHCROFT LAW FIRM**

Michael J. Sullivan (MA #487210) *pro hac*
Simon J. Cataldo (MA #690879) *pro hac*
200 State Street, Floor 7
Boston, Massachusetts 02109
Telephone:   (617) 573-9400
Facsimile:    (703) 247-5446
msullivan@ashcroftlawfirm.com
scataldo@ashcroftlawfirm.com

*Attorneys for Defendant, David Crompton*


**BURCH PORTER & JOHNSON, PLLC**

Lawrence J. Laurenzi (TN #9529)
Sarah E. Stuart (TN #35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone:   (901) 524-5000
Facsimile:    (901) 524-5024
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant, David Crompton*


                                                    /s/   Aubrey B. Greer
                                                        Aubrey B. Greer