# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff,

vs.                                        No. 2:20-cv-02496-SHL-cgc

DAVID CROMPTON,

    Defendant.

## PLAINTIFF MUELLER BRASS CO.'S RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES

**COMES NOW**, the Plaintiff, Mueller Brass Co. ("Mueller Brass"), by and through its attorneys of record, and serves its responses to Defendant's Second Set of Interrogatories and states as follows:

### PREFATORY STATEMENT

Mueller Brass has not fully completed discovery or preparation for trial in this action. The Responses herein are based only upon information presently available to Mueller Brass and are given in a good faith effort to respond to Defendant's Second Set of Interrogatories. It is possible that further discovery, independent investigation, legal research and analysis, or other tasks may supply additional information and/or documents, add meaning to known documents, and/or establish entirely new factual conclusions and legal contentions with respect to information known to Mueller Brass. The following Responses, therefore, are given without prejudice to Mueller

Brass' right to provide any documents or information which may subsequently be discovered or determined to be relevant to the subject matter of this action. These responses are without prejudice to Mueller Brass and shall not limit Mueller Brass in any way with respect to further discovery, research, analysis, or proof. Mueller Brass hereby asserts the following General Objections:

## **GENERAL OBJECTIONS**

1. Mueller Brass objects to these Interrogatories to the extent that they call for or seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or other privileges or protections. Several of Crompton's requests herein seek communications and correspondence between Mueller Brass and third parties, or Mueller Brass communications with counsel.

2. Mueller Brass reserves its right to challenge the competence, relevance, materiality, and admissibility of the information and/or documents produced herein in any subsequent proceeding or the trial of this or any other action.

3. Mueller Brass objects to these Interrogatories to the extent that they are overly broad, harassing, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4. Mueller Brass objects to these Interrogatories to the extent they are vague and ambiguous, compound, and unintelligible and/or call for multiple interpretations.

5. Mueller Brass objects to these Interrogatories to the extent that they attempt to impose a duty on Mueller Brass to disclose information or documents beyond the requirements of the Federal Rules of Civil Procedure.

6. Mueller Brass objects to these Interrogatories to the extent they call for "all" information or communication which "concerns" or "relates to" a particular topic on the ground that gathering

"all" information, communication or documents containing any reference or relationship to a particular topic and without reference to a particular time period is unduly burdensome, expensive and out of all proportion to the information or documents' potential relevance.

7. Mueller Brass objects to these Interrogatories to the extent they seek information or documents covering an unlimited period of time and/or for unreasonable time periods.

8. Mueller Brass objects to Plaintiff's Interrogatories to the extent that they contain multiple discreet subparts which, according to the applicable Rules, constitute separate Interrogatories. In asserting this objection, Mueller Brass would state that it is only required to answer the first 25 of each respective Interrogatory pursuant to Fed. R. Civ. P. 33(a)(1) and is relieved from answering any Interrogatories in excess of the first 25.

9. Mueller Brass generally objects to any Interrogatory that seeks information that is not relevant to the question of whether Mueller Brass may enforce Defendant Crompton's Personal Guaranty. Each of the Interrogatories herein seeks information on matters that are not relevant or material to this breach of guaranty case. Nothing sought herein is relevant in this straightforward case for breach of the Personal Guaranty. Crompton has already admitted he signed the Personal Guaranty, (D.E. 1-4), and that he has failed to pay any money pursuant to that Personal Guaranty. As such, the relevant inquiry is narrow. As set forth more fully in Mueller Brass' briefing in this cause, Mueller Brass' allocation of the settlement payment in the Receivership was entirely discretionary and Crompton has no standing challenge that allocation and, therefore, any discovery on the matter is irrelevant and beyond the scope and needs of the case.

10. Mueller Brass objects to these Interrogatories to the extent that they attempt to impose a duty on Mueller Brass to include in the responses or documents information that is not in the possession, custody, or control of Mueller Brass.

11. These General Objections are incorporated into each of Mueller Brass' Responses to these Interrogatories set forth below, and the additional objections and responses set forth below are not a waiver of any of the above General Objections.

## DEFINITIONS APPLICABLE TO THESE RESPONSES

As used herein, the following definitions apply:

1. The term "Mueller Brass" shall include Mueller Brass Co., and its officers, employees, and representatives.

2. The term "Crompton" or "Defendant" shall mean David Crompton.

3. The "Receivership" shall mean the action before the Rhode Island Superior Court styled as *Michael Absher, et al. v. Quick Fitting, Inc.*, identified under case number KC-202-0501.

## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 14:** Please identify all MBC and/or MLI personnel involved in the negotiations, analysis, valuation, and/or approval of the Receivership Settlement, including the determination of the purported allocation of settlement proceeds among MBC's secured claims, and describe the role of each individual identified.

**RESPONSE:** Mueller Brass objects to this Interrogatory as it constitutes multiple discreet requests couched as a single interrogatory. Mueller Brass objects as the Interrogatory asks Mueller Brass to answer on behalf of a third party, which Mueller Brass is not required to do. Mueller Brass further objects to the Interrogatory as it seeks information protected by the attorney-client and

mediation privileges. Without waiving any objection, Mueller Brass would state that allocation of the Receivership settlement proceeds was an outgrowth of Mueller Brass' privileged and confidential communications with in-house and outside counsel during the confidential mediation process. The identities of those who participated in the Receivership on behalf of Mueller Brass are contained within the records of the Receivership, in which Crompton directly participated, and are therefore already available to him.

**INTERROGATORY NO. 15:** Please state the financial value (or range thereof) You and MLI attributed to Quick Fitting's release of claims in the Receivership Settlement.

**RESPONSE:** Mueller Brass objects as the Interrogatory asks Mueller Brass to answer on behalf of a third party. Without waiving any objection, Mueller Brass valued its secured claims in the Receivership consistent with the dollar amounts set forth in the May 5, 2021 Petition to Compromise filed in the Receivership by the Receiver. Mueller Brass did not expressly ascribe (or attempt to ascribe) any specific value to Quick Fitting's release of claims. Mueller Brass and Quick Fitting ultimately settled for $9,487,500.00. Mueller Brass is entitled to seek the deficiency between its secured claims and the ultimate settlement payment from Crompton due to his status as a guarantor of the relevant Quick Fitting debt.

**INTERROGATORY NO. 16:** Please describe the valuation methodology and provide the calculations for the allocation of Receivership Settlement proceeds in light of the "litigation risk" as represented on page 4 of "RESPONSE OF MUELLER BRASS CO. TO INTERESTED PARTY DAVID CROMPTON'S OBJECTION TO RECEIVER'S PETITION TO COMPROMISE

5

CLAIMS OF MUELLER BRASS CO." filed in the Receivership on/around May 14, 2021 and included in the record of this Action at ECF No. 70-6.

**RESPONSE**: Mueller Brass objects to this Interrogatory as the document to which Crompton refers was written by counsel, not by Mueller Brass, and Mueller Brass is not qualified to speculate on the subjective meanings ascribed by counsel to the language of that document. Furthermore, the referenced document appears to set forth the rationale for counsel's statements and therefore speaks for itself. Mueller Brass further objects as the information sought is not relevant or material to Mueller Brass' claim for breach of the Personal Guaranty and therefor the Request exceeds the scope of discovery in this matter. Without waiving any objection, Mueller Brass states that it is not aware of any "valuation methodology" or "calculations" to describe, and Mueller Brass is unclear as to what Crompton is referring in any event. Mueller Brass attempted to maximize its recovery of its secured claim in connection with the Receivership proceedings.

**INTERROGATORY NO. 17:** Please describe the valuation methodology and provide the calculations for the allocation of Receivership Settlement proceeds in light of the "tax and accounting purposes" referenced by MBC's counsel during the May 17, 2021 hearing before the Rhode Island Superior Court, the transcript for which is included in the record of this Action at ECF No. 70-7 at PageID 1132.

**RESPONSE**: Mueller Brass objects to this Interrogatory as the statement referenced was made by counsel, not by Mueller Brass. Mueller Brass further objects as it asks Mueller Brass to speculate on tax and accounting matters for which it is not qualified. Without waiving any objection, Mueller Brass states that it is not aware of any "valuation methodology" or "calculations" to describe. A recovery from a settlement in the Receivership needed to be properly recorded on

6

Mueller Brass' books and records and, Mueller Brass understood that an allocation of settlement proceeds was required for that purpose.

**INTERROGATORY NO. 18:** Please provide an explanation for the discrepancy between the $9,487,500 amount received by MBC in the Receivership Settlement and the $8.5 million figure reported on page 33 of MLI's Form 10-Q for period ending June 26, 2021.

**RESPONSE**: Mueller Brass objects to this Interrogatory as it asks Mueller Brass to speak on behalf of a third party. Mueller Brass further objects as, even if it was proper to answer this request, the Interrogatory exceeds the scope of discovery in this cause as the information sought is not material or relevant to this simple breach of guaranty case and has no potential to make any material fact in dispute (of which there are none) more or less likely to be true. Without waiving any objection, Mueller Brass states that the $8.5 Million figure reported in the Statement of Cash Flows in the referenced Form Q-10 refers to the amount of the total settlement recovery that was allocated to the principal balance owed across Mueller Brass' various loans to Quick Fitting. It does not, however, reflect the settlement proceeds that related to the accrued interest, penalties, and attorneys' fees, which were also recoverable and therefore components of Mueller Brass' secured claim. Those items are reported elsewhere on the financial statements

**INTERROGATORY NO. 19:** Identify the person or persons who participated in preparing Your answers to these Interrogatories, including in Your answer, the relationship of each such person to You and the answers each such person participated in answering.

**RESPONSE:** Chris Miritello participated in responding to these Interrogatories. Mr. Miritello is Vice President – Legal & Secretary and in-house counsel for Mueller Brass.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
    Larry H. Montgomery (TN# 9579)
    Aubrey B. Greer (TN# 35613)
    6000 Poplar Ave., Suite 400
    Memphis, Tennessee 38119
    Telephone:   (901)   576-1715
    Facsimile:   (901)   525-2389
    lmontgomery@glankler.com
    agreer@glankler.com

*Attorneys for Plaintiff, Mueller Brass Co.*

## VERIFICATION

I, Christopher Miritello, hold the position of Vice President – Legal & Secretary with Mueller Brass, Co., and I am authorized to speak on behalf of Mueller Brass in responding to these Interrogatories. I hereby verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

MUELLER BRASS, CO.

By: *[signature]*

Title: VP - Legal & Sec'y

Date: 11/22/2021

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021 a copy of the foregoing was served on the parties listed below via United States Mail, postage prepaid, and/or electronic mail:

**ASHCROFT LAW FIRM**

Michael J. Sullivan (MA #487210) *pro hac*
Simon J. Cataldo (MA #690879) *pro hac*
200 State Street, Floor 7
Boston, Massachusetts 02109
Telephone: (617) 573-9400
Facsimile: (703) 247-5446
msullivan@ashcroftlawfirm.com
scataldo@ashcroftlawfirm.com

*Attorneys for Defendant, David Crompton*

**BURCH PORTER & JOHNSON, PLLC**

Lawrence J. Laurenzi (TN #9529)
Sarah E. Stuart (TN #35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone: (901) 524-5000
Facsimile: (901) 524-5024
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant, David Crompton*

        /s/ Aubrey B. Greer
        Aubrey B. Greer