IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MUELLER BRASS CO.,

    Plaintiff,

vs.                                                  No. 2:20-cv-02496-SHL-atc

DAVID CROMPTON,

    Defendant.

**MUELLER BRASS CO.'S REPLY IN FUTHER SUPPORT OF ITS MOTIONS TO REVISE THE COURT'S FEBRUARY 10, 2022 AND JULY 13, 2022 ORDERS**

    Plaintiff, Mueller Brass Co. ("Mueller Brass"), by and through undersigned counsel, files this Reply in further support of its Motions to Revise the Court's February 10, 2022 Order, (D.E. 104), and its July 13, 2022 Order, (D.E. 139). (D.E. 143-144).

## INTRODUCTION

    The language and purpose of Crompton's Personal Guaranty to Mueller Brass is crystal clear.  If Quick Fitting failed to pay its debt owed to Mueller Brass, Crompton unconditionally promised to step in, without demand, and pay Mueller Brass.  This is hornbook law on how personal guaranties work among sophisticated parties.  Indeed, our financial system relies upon parties living up to their contractual obligations.  Here, Crompton has made a mockery of his obligations under the Personal Guaranty and turned this straightforward legal proceeding into a circus.  His games now continue under the auspices of his Consolidated Opposition to Mueller Brass' Motions to Revise the Court's February 10, 2022 and July 13, 022 Orders, (D.E 148) (his "Opposition"), which is replete with name calling, and demands for sanctions and attorneys' fees. Yet, as is his custom, Crompton's goal is to distract the Court and assiduously avoid the language

of the Personal Guaranty. That is because Paragraph 13 of the Personal Guaranty very clearly does not create a condition precedent to enforcement of the Guaranty.[1] The Court should now revise its February 10, 2022 Order, (D.E. 104), rule that Paragraph 13 of the Personal Guaranty creates no condition precedent, and save everyone from wasting resources engaging in vast discovery in what should be a straightforward breach of the Personal Guaranty by Crompton. In so doing, the Court should also dismiss Count II of Crompton's Amended Counterclaim, because it was only upheld based upon the Court's misapplication of that provision and otherwise lacks any support whatsoever in the language of the Personal Guaranty.

## ARGUMENT IN REPLY

### I.     CROMPTON'S PROCEDURAL ARGUMENT CONFLICTS WITH THE RECORD IN THIS CASE

Although Crompton previously argued that Local Rule 7.3 was the proper vehicle to address the Paragraph 13 issue, (*see* D.E. 131 at Page ID # 2066), he now takes a contrary position. What is abundantly clear at this point is that no matter what procedure is used, Crompton will say it is wrong. The last thing on Earth Crompton wants is for the Court to take a close look at Paragraph 13; because, without the errant interpretation and application of Paragraph 13 as a life raft, Crompton's Counterclaim against Mueller Brass for breach of the Personal Guaranty (his Count II) sinks.

Crompton's current procedural gripe is that Mueller Brass is re-arguing its position; however, that assertion is flatly belied by the record, which Mueller Brass encourages the Court to review. *Neither party* —not Mueller Brass, and not Crompton— raised the issue of Paragraph 13,

---

[1] "Guarantor hereby grants to the Lender, a lien, security interest and right of setoff as security for all liabilities and obligations to the Lender . . . upon and against all deposits, credits, collateral and property . . . in the possession, . . . or control of the Lender . . . . **At any time at which [Mueller Brass] reasonably deems itself insecure, after the occurrence of an Event of Default by the [Quick Fitting] . . . [Mueller Brass] may set off the same or any part thereof and apply the same to any liability or obligation of [Crompton][.]**" (D.E. 1-2 at pgs, 7-8, ¶ 13) (emphasis added). Crompton has yet to explain what, if anything in this provision, sustains a claim for breach of contract.

or its purported effect of creating a condition precedent to enforcement of the Guaranty, prior to the Court's February 10, 2022 Order. Paragraph 13 is mentioned *nowhere* in Crompton's largely dismissed 171-count Amended Counterclaim, including Count II for breach of the Personal Guaranty. Crompton cannot point to a single sentence in his Amended Counterclaim, or *any* brief prior to the Court's February 10, 2022 Order, that argues for or against Paragraph 13 as a basis for his claim.[2] Rather, it was *the Court* that first put the provision at issue *sua sponte* by partially quoting it, and then sustaining Count II based upon it. Nor was Paragraph 13 raised and litigated prior the Magistrate Judge's Order, to which Mueller Brass objected under Rule 72. The first time there was ever substantive argument over Paragraph 13 was during the instant dispute, and any suggestion by Crompton to the contrary is simply false.

II.   **MUELLER BRASS HAS MET THE STANDARD UNDER LOCAL RULE 7.3, AND CROMPTON'S MANIFEST INJUSTICE ARGUMENT IS PLAINLY WRONG**

Crompton makes the baseless argument that the errant application of Paragraph 13 creates no injustice or prejudice. Although this is not even the test for revision, nothing could be further from the truth, as the injustice and prejudice to Mueller Brass have been immense. Based on the misapplication of Paragraph 13 in the February 10, 2022 Order, which gave life to an unpled basis for breach of contract, Crompton has been permitted to prosecute a claim which has no foundation in the Personal Guaranty, and to propound irrelevant and burdensome discovery based upon that purported claim. That is precisely why this is such an important issue. The error regarding Paragraph 13 created a cause of action for breach of contract where none otherwise existed. And contractual claims must emanate from the specific provisions of the contract and be adequately

---

[2] Mueller Brass was not required to pick out every provision of the Personal Guaranty and explain its irrelevance, and it cannot be penalized for not raising an irrelevant provision previously.

pled; not invented through judicial order. This legal error is clearly subject to the rule permitting revision of interlocutory orders and, indeed, is exactly why such rule exists.

Mueller Brass' argument is very simple. It asks the Court to read Paragraph 13 of the Personal Guaranty, interpret it, and then decide whether it creates a condition precedent to Mueller Brass' enforcement of the Personal Guaranty. If it does not, Mueller Brass asks the Court to revise the Order and dismiss Count II. Though Mueller Brass quotes Paragraph 13 in its entirety and explains in detail why it does not apply, Crompton's 20-page Opposition never quotes Paragraph 13, never invites the Court to read it, and never attempts to persuade the Court what it means. Indeed, Crompton has never quoted Paragraph 13 at all in this case – because it does not apply. Crompton's refusal to quote, much less engage in an analysis of Paragraph 13's language, speaks volumes. Crompton knows the Court's interpretation of Paragraph 13 was in error, and it is stunning how desperate he is to prevent the Court from fixing it.

Crompton then argues that, even if Mueller Brass is right on the legal merits (which Crompton knows is true) and Paragraph 13 does not create a condition precedent to enforcement, he would have a viable breach of contract claim anyway. How? The Court's February 10, 2022 Order finds that Mueller Brass' alleged breach of this condition precedent created an actionable claim for breach. (D.E. 104 at pg. 46). Indeed, this "insecurity" or "ability to pay" concept is the *singular* basis upon which the Court sustained Crompton's Counterclaim against Mueller Brass for breach of the Guaranty. (*Id*.). Without it, all that remains is Crompton's generalized assertion of bad faith in pursuing this lawsuit, which cannot sustain a claim for breach of contract absent a breach of some specific provision of the Guaranty – which Crompton has never cited or pled. Accordingly, along with correcting the misapplication of Paragraph 13, Crompton's Counterclaim for breach of the Personal Guaranty must, consequently, now be dismissed.

Crompton's assertion that correcting the holding concerning Paragraph 13 would not impact Magistrate Judge Christoff's ruling is false. This Court's ruling regarding Paragraph 13 was the basis for the Magistrate Judge's ruling as to relevance. (*See* D.E. 129 at pg. 8). If Crompton's claim for breach of the Guaranty disappears, so does the purported relevance of the documents demanded.

### III. CROMPTON'S ATTORNEY FEE ARGUMENT IS ABSURD

What does Crompton's (unsupported) belief in his entitlement to attorneys' fees have to do with Paragraph 13? The answer is nothing. Even if Crompton were entitled to recover some of his fees (which he is not), that has nothing to do with whether the Court misinterpreted and misapplied Paragraph 13, except that it might actually cut off any alleged entitlement to fees. More importantly, Crompton's argument that the Court should decline to repair a plain legal error because things might work out favorably for him in the future on a different issue is absurd.[3] For all his hysteria about fees, the fact is —according to Crompton's discovery responses— as of April 2022, Crompton's Boston counsel had allegedly accrued more than $600,000.00 in fees on this case and Crompton had not paid him a nickel.

### CONCLUSION

Mueller Brass respectfully moves the Court to revise its February 10, 2022 Order and its July 13, 2022 Order to reflect the relief sought in Mueller Brass' Local Rule 7.3 Motions, including dismissing Crompton's Count II, and to deny Crompton's latest request for attorneys' fees, which he included in his Opposition.

---

[3] It's like a car mechanic telling a customer that there's no need to fix the severed brake line because the customer may just wreck the car later anyway. Here, if the Court discerns error, it should just fix it – not accept Crompton's invitation to shelter under a self-serving hypothesis about what might be.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
    Larry H. Montgomery (TN# 9579)
    Aubrey B. Greer (TN# 35613)
    6000 Poplar Ave., Suite 400
    Memphis, Tennessee 38119
    Telephone:     (901) 576-1715
    Facsimile:     (901) 525-2389
    lmontgomery@glankler.com
    agreer@glankler.com

*Attorneys for Plaintiff, Mueller Brass Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, a copy of the foregoing was served on the parties listed below via the Court's ECF System and/or via e-mail and/or United States Mail, postage prepaid:

**ASHCROFT LAW FIRM**
Michael J. Sullivan (MA #487210) *pro hac*
Nathan P. Brennan (MN #389954) *pro hac*
200 State Street, Floor 7
Boston, Massachusetts 02109
Telephone: (617) 573-9400
Facsimile: (703) 247-5446
msullivan@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

**BURCH PORTER & JOHNSON, PLLC**
Lawrence J. Laurenzi (TN #9529)
Sarah E. Stuart (TN #35329)
130 North Court Avenue
Memphis, Tennessee 38103
Telephone: (901) 524-5000
Facsimile: (901) 524-5024
llaurenzi@bpjlaw.com
sstuart@bpjlaw.com

*Attorneys for Defendant, David Crompton*

    /s/ Aubrey B. Greer
    Aubrey B. Greer